## LEINGARDT et al. vs. DEITZ.

GARNISHMENT, JUDICIAL:  *Cannot issue before judgment against the defendant.*

Section 396, of Gould's Digest, relating to judicial garnishment, does not authorize the issuance of the writ before judgment against the defendant, and a judgment against the garnishee in such a case  reversed, though he answered admitting indebtedness.

APPEAL from *Pulaski* Circuit Court.

Hon. J. J. CLENDENIN, Circuit Judge.

*W. H. Winfield,* for appellant.

The Circuit Court erred in rendering judgment *de novo* against defendant, where there had  been  no  appeal  from the judgment by default below.  Gantt's Digest, 3820.

No garnishment could issue against the R. R. except as incident to an attachment, or after judgment.    Gantt's Digest, 2991 ; 5 Ark., 214.

The act of 1871 (see Gantt's Digest, sections 396, 397) is part of the attachment law, and its provisions only apply  in such cases,  otherwise  garnishments  issue  only  on  judgments.    See Gantt's Digest, 2991 to 3002 inclusive.    *Pulaski County* v. *Dower,* 10 Ark., 588.

Section 23, in Constitution of 1868, concerning  alteration and revision of laws cited and commented  on,  also  on the construction  of  the  sections,  396  and  397.    *McMinn* v. *Bliss,* 31 Cal., 122 ; *Merrill* v. *Gorham,* 6 Cal., 41 ; *People* v. *White,* 34 Cal., 183 ;

Leingardt et al vs. Deitz.

*Ransom* v. *State*, 19 Conn., 292; *Rogers* v. *Hurd*, 4 Day, 57; *Brooks* v. *Mobile S. Commissioners*, 31 Ala., 227; *Mayor* v. *Weems*, 5 Ind., 547; *Allison* v. *Hubbell*, 17 Ind., 559; *Holbrook* v. *Holbrook et al.*, 1 Pick., 250; *Inhabitants of Mendon* .v. *County of Worcester*, 10 Pickering, 235; 6 Cushing, 384; *Reddick* v. *Governor*, 1 Mo., 147; *Reddick* v. *Walsh*, 15 Mo., 519; *State* v. *King*, 44 Mo., 283; *State* v. *Scott*, 9 Ark., 270; *McFarland* v. *State Bank*, 4 Ark., 410; *Buckner* v. *Real Estate Bank*, 5 Ark., 536; *Wilson* v. *Biscoe*, 4 Ark., 44; *Scott* v. *State*, 22 Ark., 369; *Fennington* v. *Coxe*, 2 Cranch, 33; *Ayden* v. *Strong*, 2 Pains., 584.

A statute applicable to particular actions cannot be applied by construction to another action standing in the same reason. Fourth Circ. (Va.), 1821; *Jacob* v. *N. S.*, 1 Brock. Marsh., 520.

The proceeding in rendering judgment by the justice against the road, without summons, process or appearance, was void as without authority. *Reeve* v. *Clark*, 5 Ark., 27; *Anthony ex parte*, 5 Ark., 358; *Pendleton* v. *Fowler*, 6 Ark., 41; *Levy* v. *Shurman*, 6 Ark., 182; *Everett* v. *Clements*, 9 Ark., 480; *Butler* v. *Wilson*, 10 Ark., 316; *Booth* v. *Estes*, 16 Ark., 104. He must be made defendant and have his day in court. Gantt's Digest, section 423; Drake on Attachment, sections 452, 454; *Thorn* v. *Woodruff*, 5 Ark., 55; *Wolf* v. *Tappan*, 5 Dana, p. 361.

Counsel argued at length upon the Constitution and laws affecting exemptions, that choses in action might be scheduled, and claimed as a part of the personal property, and would then be released from garnishment against the debtor, citing (together with authorities *supra*) *Tyson* v. *Tostlewaite*, 13 Ill., 728; *Wallace* v. *Martin*, 17 B. Monroe, 191; *Thompson* v. *State*, 20 Ala., 54; *Haydon's case*, 3 Rep., 8; *Huffman* v. *State*, 29 Ala., 40; *Torrance* v. *McDougal*, 12 Ga., 526; *Mason* v. *Finch*, 2 Scam., 224; *McDougal* v. *Dougherty*, 14 Ga., 674; *Tuttle* v. *State*, 7 Minn., *Vol. xxx.—15.*

465, and others explanatory of the case of *Gegory* v. *Evans*, in which it was held in Missouri that *wages* were not property.

"Personal property" is defined by section 5629, of Gantt's Digest, and includes *things in action* and *evidences of debt.*

*R. A. Watkins,* for appellee.

Where one defendant appeals, the Circuit Court may try 'the whole case *de novo.* Gantt's Digest, sec. 3825. Relied upon sec. 224 of the Code, amended in 1871, for authority to issue garnishment before judgment. Gantt's Digest, sec. 396.

The language is plain, unambiguous and comprehensive, embracing all civil actions. The language is to be taken in its common acceptation, and with its legally ascertained meaning. The court cannot consider the propriety or policy of the act, but there is nothing monstrous in the provision.

The act was unnecessary to authorize garnishments in attachment cases. That right existed before.

There is no such class of actions as "suits by attachment." Sec. 1, C. C. P. Attachment is a provisional remedy, auxiliary to a civil action. Sec. 216, C. C. P. See also sec. 58.

The location of the provision with the subject matter of attachment cannot alter its plain provisions.

The proceedings before the justice were regular ; the appellants had notice, and were parties to the suit and had appealed.

A court of law cannot compel obedience, by a garnishee who answers, in any other way than by order to pay the fund into court, and by judgment in case of failure.

On exemption cited. Sec. 1, art. 11, Const. of 1868; sec. 2635, *et seq.* Gantt's Digest. A chose in action not subject to sale, and therefore not exempt. 3d Sand., 692 ; 6 Geo., 550 ; 6 Blackf., 577 ; 5 Mich., 225 ; Wright (Ohio) 455 ; Miles (Pa.) 130 ; 11 Wis., 176 ; 1 Bland, 530 ; 23 Texas, 508. Exemption

laws strictly construed.    21 La., 686.    "Personal property" not choses in action.    19 Mo., 261; Bankrupt Register, August 1st, 1868, p. 19; 7 Giles U. S. District Court Maryland.

No execution or process against Lingard had been issued when the schedule was filed, and the payment of the debt by the railroad company to Lingard, against the order of the court, rendered them liable to plaintiff, independently of any exemption.

HARRISON, J.:

H, Deitz sued A. Lingardt on an account before a justice of the peace, and also, at the commencement of the suit, but without an attachment against the property of the defendant, or filing any bond or affidavit therefor, sued out a writ of garnishment against the Cairo and Fulton Railroad Company.

The writ of garnishment was served, and, upon the return day, the company appeared by its attorney and, without any allegations and interrogatories being filed, admitted, as the justice's docket states, an indebtedness to the defendant sufficient to satisfy whatever judgment might be recovered against him.

The summons against the defendant not being served, an alias was issued, and service being had, judgment by default was rendered against him on the 30th day of December, 1873.

On the 6th day of January, 1874, judgment was rendered against the Cairo and Fulton Railroad Company, on its admission of indebtedness to defendant.

Before the latter judgment was rendered, on the same day, the defendant filed with the justice a schedule of his personal property, claimed as exempt from execution, in which was embraced the company's indebtedness to him.

From the latter judgment both the company and the defendant appealed to the Circuit Court.

The Circuit Court, without a trial as to the facts, on an inspection of the transcript from the justice's court, affirmed the judgment against the company, and gave judgment against both appellants for the costs in both cases.    They then appealed to this court.

The writ of garnishment in this case was, evidently, sued out under the supposed authority of section 396 of Gantt's Digest, which is as follows:·

"Whenever, in a civil action, the plaintiff shall have reason to believe that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits and effects belonging to such defendant, the plaintiff may sue out a writ of garnishment, setting forth his cause of action against the defendant, and commanding the officer charged with the execution thereof to summon the person therein named as garnishee to appear at the return day of the summons in the action, if the writ shall have been issued at the commencement thereof, and, if not so issued, on such day as the court shall designate, to answer what goods, chattels, moneys, credits and effects he may have in his hands or possession belonging to such defendant, and in all such actions, where the plaintiff shall have obtained judgment, he may sue out a writ of garnishment, setting forth such judgment, and shall proceed in the manner herein directed for the enforcement and collection thereof."

Though the language of this section is so general as seemingly to authorize the issuance of a writ of garnishment in a suit commenced by ordinary· process, or any civil action, the context and subject to which it relates plainly show that such was not the intention of the Legislature, and that such writ can be had before judgment is obtained in cases of attachment only.

The section quoted is part of section 224 of the Code of Civil Practice, as amended by the act of the Legislature, passed March 27th, 1871.   That act commences thus:

" Be it enacted by the General Assembly of the State of Arkansas, That the act entitled Code of Practice in Civil Cases in Arkansas, approved July 22d, 1868, be and the same is hereby re-enacted, and the following enumerated sections of the said act are hereby so amended as to read as follows."

The immediate context of said amended section is as follows :

" Chapter III—Attachment.

" Article 1—General Attachment.

" Subdivision 11. How an attachment is obtained.

" Section 217 (amended 1871). In an action to recover money, clerk to grant attachment upon affidavit. Nature of affidavit.

" An order of attachment shall be made by the clerk of the court in which the action is brought in any case mentioned in the first subdivision of section two hundred and sixteen, when there is filed in his office an affidavit of the plaintiff, or of some one in his behalf, showing—

*First*—The nature of the plaintiff's claim.

*Second*—That it is just.

*Third*—The amount which the affiant believes the plaintiff ought to recover ; and

*Fourth*—The existence in the action of some one of the grounds for an attachment enumerated in the subdivision, and in the case mentioned in the subdivision of section two hundred and sixteen, where it is shown by such affidavit, or by the return of the sheriff, or other officer, upon the order for the delivery of the property claimed, that the facts mentioned in that subdivision exist."

It is thus numbered and denoted :

" Sec. 224 (amended 1871). Plaintiff may have attachment against garnishee," and the remaining part of it, which is the same as section 337, in Gantt's Digest, is as follows :

"The plaintiff in all cases of garnishment may also have an attachment against the property of a garnishee who is made a defendant thereto, by stating in his affidavit some one or more of the grounds of attachment mentioned in this chapter, and the amount which the garnishee is indebted to the principal debtor, and executing bond to said garnishee."

Before it was amended the section read as follows:

"Section 224. The plaintiff in a civil action may have an attachment against the property of a garnishee, who is made a defendant thereto, by stating in his affidavit some one or more of the grounds of attachment mentioned in this chapter, and the amount which the garnishee is indebted to the principal debtor, and executing bond to said garnishee."

From this examination of the statute it clearly appears that the Justice of the Peace had no authority to issue the writ of garnishment in the case, the same not being a suit by attachment, and, as his is an inferior court and of limited jurisdiction, it follows that the entire proceedings against the Cairo and Fulton Railroad Company were null and void, and ought to have been set aside and quashed by the Circuit Court. Its judgment is therefore reversed, and the cause is remanded to it, with instructions to quash the said judgment and proceedings of the Justice of the Peace against said Cairo and Fulton Railroad Company.