DURDEN *v.* SEBASTIAN COUNTY.

Opinion delivered December 10, 1904.

CIRCUIT CLERK—SALARY.—The act of May 8, 1899, providing that the fees and salary of the clerk of the circuit court of Sebastian County should not exceed $3,500 per annum, contemplated that the amount named should be in full payment for all the duties discharged by such officer, including his duties as *ex officio* recorder.

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

STATEMENT BY THE COURT.

This cause was submitted to the court on the following agreed statement of facts:

"1. That during the period of time from the 1st day of July, 1899, to the 31st day of October, 1900, the defendant and appellant earned and collected and retained as circuit clerk, exclusive of recorder's fees, the full amount due him as salary at the rate of $3,500 per year, for said period of time.

"2. That during the said period of time, as above set out, the said defendant and appellant earned and collected as *ex officio* recorder the sum of $1,135.70. That this amount said defendant has retained, and has not charged himself with, under the claim that he is not accountable for or chargeable with fees earned as such recorder."

The court found in favor of the county, and awarded judgment against Durden for $1,100, from which this appeal is taken.

*Rose, Hemingway & Rose,* for appellant.

The offices of circuit clerk and of recorder are separate and distinct. Const. 1874, art. 7, § 19; 31 Ark. 571; 33 Ark. 398; 37 Ark. 391; 57 Ark. 197; 70 Ark. 326. Therefore the act of February 20, 1893 (p. 43), limiting the emoluments of the circuit clerk to $3,500, has no application to the fees collected as recorder, and will not be extended by construction so to do. 55 Ark. 197. See upon the general question of title to emoluments in cases of dual office: 110 U. S. 688; 21 How. 463; 15 Fed. 641; 15 Ct. Cl. 22; 9 Neb. 404.

*Ira D. Oglesby* and *Ashley Cockrill,* for appellee.

The circuit clerk and recorder are not separate and distinct offices. Const. 1874, art. 7, § 19; Sand. & H. Dig. § § 6362-3, 4, 7, 8. The case of *Lee Co.* v. *Abrahams,* 31 Ark. 571, is not applicable, because it was decided prior to the Constitution of 1874. There is no analogy to be drawn between the relative positions of sheriff and collector and circuit clerk and recorder. The offices of sheriff and collector are separate and distinct offices. 57 Ark. 195, 197; 77 Cal. 45. But, unlike the circuit clerk, the sheriff, by qualifying as sheriff, does not also qualify as collector, while the circuit clerk is not required to qualify separately as clerk and recorder. This furnishes the distinction upon which the question must turn, and renders it apparent that the offices of circuit clerk and recorder are one and the same. 31 Ill. 271; 76 Ill. 548; *Id.* 554; 6 Ill App. 62; 82 Ill. 78; 35 Pac. 880; 9 Cal. 203; 24 S. W. 437. Conceding, for the sake of argument, that the clerk and the recorder are separate and distinct offices, the phrase "clerk of the circuit court," as used in the salary acts in question, includes "recorder." Such acts are construed liberally in favor of the government. Suth. Stat. Const. § 378; 55 Fed. 373. Recourse can also be properly had to the popular construction of the same and other similar acts. Suth. St. Const. § § 229, 247, 248. *Cf.* Acts 1895, 194, 203, 210; Acts 1897, 40; Acts 1899, 25; Acts 1901, 379; Acts 1903, 38, 101, 137; 61 Ark. 21. The intent of the act, as gathered from the occasion and necessity thereof, may also be properly considered. 32 Ark. 462; 48 Ark. 307; 3 Ark. 285; 5 Ark. 336; 13 Ark. 52, 58; 11 Ark. 44. The intention of the act, as gathered from its title and context,

must also be considered. *Cf.* titles of acts of 1893 and 1891 ; Suth. St. Const. § 211.

T. B. *Pryor* and *Rose, Hemingway & Rose,* for appellant in reply.

WOOD, J., (after stating the facts.)   Under the act of February 20, 1893, the clerk of the circuit court of Sebastian County receives a salary of $3,500 per annum.   Is he entitled to any additional compensation for his services as recorder?   We think not.   The act of February 20, 1893, as amended by the act of May 8, 1899, when considered as a whole, shows that the purpose of the Legislature was expressed in the title of the act.   It is an act entitled "An act fixing the fees and salaries of the *county officers* of Sebastian County."   The act provides, section 1, "That the salary of the county judge of the county court of Sebastian County shall be $1,500 per annum.   That the fees and salaries of the clerk of the circuit court   and   county   courts of Sebastian County shall not exceed $3,500 per annum each, and out of such sums they shall each pay such deputies and assistants as may be required to discharge the duties of their respective offices.   That the fees and salary of the sheriff of Sebastian County shall not exceed $3,500 per annum, and the salary of the collector of Sebastian County shall not exceed $1,200 per annum," etc. Other paragraphs of the first section of the act provide for the fees and salaries of various other officers of the county, including all of them: It is clear that the Legislature intended to provide in this act for the compensation of all the officers of Sebastian County, and not simply for some of them. The Legislature fixed the salary of the "judge of the county court."   Nothing was said about an extra salary or additional compensation for the judge of the probate court. Why? Because the judge of the county court is *ex officio* judge of the probate court, and in providing the salary of the "judge of the county court" the Legislature intended to include compensation to him for whatever services he might perform as judge of the probate court.   So, likewise, the "clerk of the county court" for his services as "clerk of the probate court," and the "treasurer" for his services as treasurer of the common school fund.   And the "clerk of the circuit court" for his services as recorder.   It is

clear that the Legislature intended, for the purpose of fixing salaries, at least, that these various officers (except the sheriff) having *ex officio* duties, should receive but one salary for all the duties performed. The Legislature intended that there should be but the one salary or compensation in the cases mentioned, even if it could be said that there were in each case named two offices and two officers in one.

But we think the proper view, under the Constitution of 1874, is to regard the office of clerk of the circuit court and *ex officio* recorder as but one office, filled by one officer, who has dual duties to perform. The constitutional and statutory provisions are as follows: "The clerks of the circuit courts shall be elected by the qualified electors of the several counties for the term of two years, and shall be *ex officio* * * * recorder. (Sec. 19, art. 7, Const. Ark.) There shall be established in each county in this State an office to be styled the recorder's office, which shall be kept at the seat of justice." "The clerk of the circuit court shall be *ex officio* recorder for his county, and shall duly attend to the duties of such office." Sandels & Hill's Digest, § § 6362, 6363. The clerk shall give bond as recorder. *Ib.* § 6364. "If any clerk of the circuit court shall fail to enter into bond as recorder within fifteen days after the receipt of his commission, his office shall be considered vacant, and such vacancy filled accordingly." *Ib.* § 6367. Section 6368 provides that "the seal of the circuit court shall be the seal of the recorder." These provisions show that the office of circuit clerk and recorder is but one; that, while the functions which the clerk performs as recorder may be separate and distinct from the functions which he performs as clerk, there is in fact but one office.

Appellant contends that the section of the constitution which provides that "the qualified electors of each county shall elect one sheriff, who shall be *ex officio* collector of taxes, unless otherwise provided by law" (art. 7, § 46, Const. 1874) is exactly similar, and that, as the offices of sheriff and collector are two separate offices, although their dual duties, under certain conditions, may be performed by the same officer, so, likewise, should there be two distinct offices of clerk and recorder, whose dual duties are to be performed by the same officer. The constitutional provisions with reference to the clerk being *ex officio*

recorder and the sheriff being *ex officio* collector of taxes are exactly similar that far. But the provision with reference to the sheriff, after providing that he "shall be *ex officio* collector of taxes," adds, "unless otherwise provided by law." This qualifying clause is not to be found in the provision with reference to the clerk being *ex officio* recorder. In the one it is clear that two offices are provided for, because the Legislature may provide that the office of collector may be filled by another person or officer than the sheriff, and the Legislature has provided how in, certain contingencies, it shall be so filled. But no such provision exists with reference to recorder. *The clerk is the recorder.* When the clerk is elected, the recorder is elected, and there is no provision or contingency by which he ceases to be recorder, and by which another recorder may be appointed or elected.

.The clerk is *ex officio* recorder once and forever. When the clerk fails to give bond as recorder, he forfeits *his office, i. e.,* the office of clerk, not the office of recorder; showing that the office of clerk is the only office forfeited. But when that is vacated, it carries with it as an inseparable and indissoluble concomitant the cessation of the functions performed by him as recorder. The Legislature, under the constitutional provision in regard to sheriffs, may provide for the office of collector, to be filled separate and apart from the office of sheriff, and by a different individual, but not so in regard to recorder. The clerk alone can perform the duties of recorder. In the case of the sheriff and collector there are two offices to be filled by one individual, or by two, as the Legislature may provide. In the case of the clerk and recorder there is but one office and one officer, although the one officer has dual functions. Therefore what is said in the decisions about the offices of sheriff and collector being separate and distinct offices, and about the sheriff holding two distinct offices, is not applicable to the office of clerk, who simply performs, as a part of the functions of his office as clerk, also the duties of recorder.

But appellant contends that the question is concluded in his favor by the decision of this court in *Lee County* v. *Abrahams,* 31 Ark. 571. That case arose prior to the Constitution of 1874. Under the Constitution of 1868 there were no limitations upon the power of the Legislature to create two distinct offices to be filled

by one officer, or, in certain contingencies, by two officers, just as is done under the present Constitution in the case of sheriff and collector. Under the Constitution of 1868 the Legislature might have provided for the office of recorder, apart from the office of clerk of the circuit court; not so now. In *Lee County* v. *Abrahams,* Judge English uses this language.

"Appellee, therefore, held two offices; he was clerk of the circuit court, and he was recorder. The offices were as distinct as if held by two persons, instead of one." This language is taken as decisive of this case, but the language was not necessary, although quite natural, in the decision of the case in which it was used. The court in that case was passing upon the construction of statutes which required the clerk to account for certain fees or taxes which he had received as clerk of the circuit court to that court, and certain other taxes which he had received in the discharge of his duties as recorder to the county court. Now, it is clearly within the province of the Legislature to require the clerk of the circuit court to account for certain fees which he receives in the discharge of the functions of his office as clerk to one court, and those which he receives in the discharge of his functions as recorder to another court. This would be true, even if there were only one office and one officer with dual duties, as is the case here.

The Legislature in the act under consideration recognized that the offices of sheriff and collector were separate and distinct under the Constitution, and therefore they provided a separate salary for each office. They did not provide a separate salary for any of the other offices having *ex officio* duties attached, showing that they did not regard these *ex officio* duties as creating a separate office.

Affirm the judgment.