The Honorable Barbara King State Representative 106 Tulip Circle Helena, Arkansas 72342-1620
Dear Representative King:
I am writing in response to your request, on behalf of a constituent, for an opinion on two questions regarding Revised Article 9 of the Uniform Commercial Code ("UCC"), codified at A.C.A. §§ 4-9-101 to 4-9-709 (Supp. 2001). Specifically, your two questions are as follows:
 1. Would a UCC fixture lien filed by the Circuit Clerk in the Deed and Record Mortgage Book without a signature or an acknowledgment be a legal document?
 2. Is there a conflict between Act 1439 of 2001 (the new UCC law) and Arkansas Code 18-40-101 (Proof of Acknowledgment-Recording)?
RESPONSE
I assume for purposes of your first question that you are referring to a fixture "financing statement" and not a mortgage. I also assume that you inquire as to the legality of such a document under the provisions of the newly revised Article 9. See Acts 2001, No. 1439. In my opinion the answer to your first question is "yes," assuming all the other requisites of a fixture filing are present. In my opinion the answer to your second question is "no." Section 18-40-101 of the Arkansas Code applies to mortgages (which can also operate as fixture filings). That statute has no application to fixture "financing statements" under the UCC.
Question 1 — Would a UCC fixture lien filed by the Circuit Clerk in theDeed and Record Mortgage Book without a signature or an acknowledgment bea legal document?
In my opinion the answer to this question, assuming all other requirements of the filing are met, is "yes."
Act 1439 of 2001 substantially amended Article 9 of the Uniform Commercial Code. The emergency clause to the act states that: "It is hereby found and determined by the General Assembly that present Article 9 of the Uniform Commercial Code which exists in all fifty states, the District of Columbia, and Puerto Rico is obsolescent and is in need of significant expansion to cover new categories of collateral, to promote electronic filing, to reduce duplicate filing, and to resolve conflicting case law. . . ." One of the primary changes in the new Article 9 is that the debtor's signature is no longer required on a financing statement. This change facilitates electronic filing, one of the goals of the new revision. The relevant Arkansas Code sections are now A.C.A. §§ 4-9-501
and 4-9-502. They provide respectively as follows:
4-9-501. FILING OFFICE.
 (a) Except as otherwise provided in subsection (b), if the local law of this State governs perfection of a security interest or agricultural lien, the office in which to file a financing statement to perfect the security interest or agricultural lien is:
 (1) the office designated for the filing or recording of a record of a mortgage on the related real property, if:
(A) the collateral is as-extracted collateral or timber to be cut; or
 (B) the financing statement is filed as a fixture filing and the collateral is goods that are or are to become fixtures; or
 (2) the Office of the Circuit Clerk in the county in which the debtor is located in this state if the debtor is engaged in farming operations and the collateral is equipment used in farming operations, or farm products, or accounts arising from the sale of farm products; or
 (3) the Office of the Secretary of State, in all other cases, including a case in which the collateral is goods that are or are to become fixtures and the financing statement is not filed as a fixture filing.
 (b) The office in which to file a financing statement to perfect a security interest in collateral, including fixtures, of a transmitting utility is the office of the Secretary of State. The financing statement also constitutes a fixture filing as to the collateral indicated in the financing statement which is or is to become fixtures.
 4-9-502. CONTENTS OF FINANCING STATEMENT; RECORD OF MORTGAGE AS FINANCING STATEMENT; TIME OF FILING FINANCING STATEMENT.
 (a) Subject to subsection (b), a financing statement is sufficient only if it:
(1) provides the name of the debtor;
 (2) provides the name of the secured party or a representative of the secured party; and
(3) indicates the collateral covered by the financing statement.
 (b) Except as otherwise provided in § 4-9-501(b), to be sufficient, a financing statement that covers as-extracted collateral or timber to be cut, or which is filed as a fixture filing and covers goods that are or are to become fixtures, must satisfy subsection (a) and also:
(1) indicate that it covers this type of collateral;
 (2) indicate that it is to be filed for record in the real property records;
 (3) provide a description of the real property to which the collateral is related sufficient to give constructive notice of a mortgage under the law of this State if the description were contained in a record of the mortgage of the real property; and
 (4) if the debtor does not have an interest of record in the real property, provide the name of a record owner.
 (c) A record of a mortgage is effective, from the date of recording, as a financing statement filed as a fixture filing or as a financing statement covering as-extracted collateral or timber to be cut only if:
(1) the record indicates the goods or accounts that it covers;
 (2) the goods are or are to become fixtures related to the real property described in the record or the collateral is related to the real property described in the record and is as-extracted collateral or timber to be cut;
 (3) the record satisfies the requirements for a financing statement in this section other than an indication that it is to be filed in the real property records; and
(4) the record is recorded.
 (d) A financing statement may be filed before a security agreement is made or a security interest otherwise attaches. [Bold emphasis added, italic emphasis original].
"A `fixture filing' can be in the form of a financing statement, with some additional language added, or embedded in a deed of trust or mortgage, with some additional language added." See Ebling Weise, "What a Dirt Lawyer Needs to Know About New Article 9 of the UCC," Uniform Commercial Code Law Journal, Vol. 33: 446 (2001). Again I assume your reference to a "fixture lien" in the first question you pose denotes a "financing statement" filed as a "fixture filing." A financing statement filed as a fixture filing is properly filed with the office designated for the filing of a mortgage. A.C.A. § 4-9-501(a)(1)(B). Mortgages are filed with the "recorder." See A.C.A. § 18-40-102. The circuit clerk is the recorder. See Arkansas Constitution, art. 7, § 19; A.C.A. §§ 14-14-502(a)(2)(A)(vii); 14-14-603(b)(7); 14-14-1301(a)(2) andDurden v. Sebastian County, 73 Ark. 305, 83 S.W. 1048 (1904), (stating that the office of circuit clerk and recorder is "but one.") Thus, a financing statement filed as a "fixture filing" is filed with the circuit clerk for inclusion in the real estate records. See A.C.A. §4-9-502(b)(2). Such financing statements are not, under the new Article 9, required to contain the signature of the debtor, nor as a consequence, need they contain an acknowledgment. See § 4-9-501 and §4-9-502 above. As noted by Professor Robert Laurence in "An AnnotatedConversion Table from the New Article 9 Back to the old One," 2001 Arkansas Law Notes 33, "[t]he requirements for the contents of the financing statement are founding new 9-502. Note that no signatures are required." Id. at 54. See also Ebling Weise, supra (stating that "[t]he financing statement no longer needs to be signed (more precisely, authenticated) by the debtor"). The absence of any signature requirement may be distinguished from prior law, which required a signature of the debtor. See former A.C.A. § 4-9-402 (1) ("[a] financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor . . . [etc.])."
In my opinion therefore, assuming all other requirements of a fixture filing are present, the answer to your question is "yes." A financing statement filed as a fixture filing with the circuit clerk but containing no signature or acknowledgment can be a "legal document."
Question 2 — Is there a conflict between Act 1439 of 2001 (the new UCClaw) and Arkansas Code 18-40-101 (Proof of Acknowledgment-Recording)?
In my opinion the answer to this question is "no." Section 18-40-101
provides that: "[a]ll mortgages of real estate shall be proven or acknowledged in the same manner that deeds for the conveyance of real estate are required by law to be proven or acknowledged. When so proven or acknowledged they shall be recorded in the counties in which the land lies." The section has reference only to mortgages. It does not apply to "financing statements" filed as fixture filings. Perhaps some confusion on the issue arises because, under the UCC, a mortgage can also operate as a fixture filing. See A.C.A. § 4-9-502(c) (Supp. 2001). In order to operate as a fixture filing, the mortgage must contain the elements required by the UCC. Because it is also a mortgage, however, it must contain the required elements of a mortgage under state law, including a signature and acknowledgement as required by A.C.A. § 18-40-101. Thus, to answer your question, a financing statement filed as a fixture filing under the UCC need not be signed by the debtor or acknowledged.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh