The Honorable Tracy Pennartz State Representative Post Office Box 10441 Fort Smith, Arkansas 72917
Dear Representative Pennartz:
I am writing in response to your request for an opinion on three questions concerning the fee chargeable by circuit clerks for issuing writs of garnishment and writs of execution.[1] Specifically, your questions arise in light of Act 615 of 2007, which is codified at A.C.A. § 21-6-306 (Supp. 2007). Act 615 is entitled "An Act to Increase the Recording Fees Charged by County Recorders for Certain Written Instruments." Your three questions concerning this portion of the Act are as follows:
 1. Does Act 2007, No. 615 § 1, which amended Ark. Code Ann. § 21-6-306 and increased the fee charged for the recording of instruments by the county recorder, also amend the miscellaneous circuit court clerk filing and issuance fees listed under Ark. Code Ann. § 21-6-402?
 2. As amended, Ark. Code Ann. § 21-6-306 indicates that the uniform fee for the recording of a writ of garnishment or a writ of execution by the county recorder costs $15.00 for the first page and $5.00 for each additional page. Does this amendment affect the circuit clerk's fee for the issuance of a *Page 2 
writ of garnishment or a writ of execution pursuant to Ark. Code Ann. § 21-6-402 (a)(9)?
 3. Under Arkansas law, what is the cost for the issuance of a writ of garnishment or a writ of execution by a circuit court clerk?
RESPONSE
In my opinion the answer to your first and second questions is "no."Act 615 of 2007 does not, either expressly or impliedly, amend A.C.A. § 21-6-402. The two provisions are not inconsistent in my opinion because they appear to refer to different fees, chargeable for different actions. In response to your third question, in my opinion the fee chargeable by the circuit clerk for issuing a writ of garnishment or execution is ten dollars pursuant to A.C.A. § 21-6-402. A separate fee may be chargeable, in my opinion, under A.C.A. § 21-6-306, as amended by Act 615, by the county recorder for recording a writ of execution (fifteen dollars, plus five dollars for each additional page). With regard to recording writs of garnishment, it does not appear, under current practice, that writs of garnishment are uniformly "recorded" by county recorders. I thus cannot explain definitively for what action this fee is chargeable. Legislative clarification is warranted on this point.
Question 1 — Does Act 2007, No. 615 § 1, which amended Ark. Code Ann.§ 21-6-306 and increased the fee charged for the recording of instrumentsby the county recorder, also amend the miscellaneous circuit court clerkfiling and issuance fees listed under Ark. Code Ann.§ 21-6-402?
In my opinion the answer to this question is "no."
As an initial matter, it should be noted that the circuit clerk is ordinarily the ex-officio county recorder. See Arkansas Constitution, art. 7, § 19; A.C.A. 14-14-603(7) (Repl. 1998); A.C.A. § 14-14-1301(a)(2) (Supp. 2007); and Durden v. Sebastian County,73 Ark. 305, 83 S.W. 1048 (1904).[2] In Durden, the Arkansas Supreme Court stated that the office of circuit clerk and recorder is "but one office, filled by one officer, who has dual duties to perform" and that "while the functions which the clerk performs as recorder may be separate and distinct from the *Page 3 
functions which he performs as clerk, there is in fact but one office."Id. at 308. The duties of circuit clerks are set out generally at A.C.A. § 16-20-101-108 (Repl. 1999 and Supp. 2007) and include "endors[ing]" papers filed in judicial actions, endorsing orders for "provisional remedies" upon their return,[3] docketing the names of defendants summoned and the day of service on such defendants, administering oaths and affidavits and preparing and taking bonds. The duties of county recorders are set out generally at A.C.A. § 14-15-401-420 (Repl. 1998 and Supp. 2007) and include keeping a "well-bound book" in which to record all instruments of writing authorized or required to be recorded, including deeds, mortgages, conveyances, etc., or other instruments of writing concerning any lands and tenements or goods and chattels authorized to be recorded, and the keeping of an index to such record books. Fees chargeable by the clerk in her capacity as county recorder, on the one hand, and as circuit clerk, on the other, are each set out in different statutes in Title 21 of the Arkansas Code.
In relevant part, Act 615 of 2007 amended A.C.A. § 21-6-306, which addresses the fees chargeable by county recorders, to provide as follows:
 21-6-306. Recorders. (a)(a)(1) The uniform fees to be charged by the recorders in the various counties in this state shall be as follows: (A) For recording deeds, deeds of trust, mortgages, release deeds, powers of attorney, plats, survey plats, notary bonds, foreign judgments, writs of execution, writs of garnishment, materialman's liens, and other recordable instruments, except as otherwise prescribed in this section, eight dollars ($8.00) fifteen dollars ($15.00) for one (1) page, one (1) side only, and three dollars ($3.00) five dollars ($5.00) for each additional page; and
 (B) For recording mortgage assignments, mortgage releases, and other instruments when multiple instruments are listed in a single document, an additional fee of fifteen dollars ($15.00) per not to exceed three hundred dollars ($300) shall be charged; and *Page 4 
 (2) For filing or recording all instruments other than those prescribed in subdivision (1) of this section that are normally placed on record in the recorder's office:
 (A) Plats: when measurements exceed 8 1/2" x 14" ........ $12.00
 (B) Survey plats: 8 1/2" x 14" or smaller ................. 8.00
 (C) Materialman's lien and certificate of assessment ... 8.00
 (D) Notary bond ........................................... 8.00
 (E) Foreign judgments .... 8.00
 (F) Writs of garnishment or execution of garnishment ..... 10.00
 (G) For entering satisfaction of record, marginal .......... 0.50
Id. at § 1.[4]
As can be seen from the marked-up version above, this portion of Act 615, consistent with the title of the Act, increased the fees charged by the county recorders for filing certain instruments. In doing so, it grouped together certain of the former individually-enumerated fees for the instruments listed in former (a)(2), into subsection (a)(1) and made them subject to the same fifteen dollar fee, with an additional fee of five dollars for each additional page.
Your question is how this newly amended statute interacts with another existing statute, A.C.A. § 21-6-402, which addresses the fees chargeable by circuit clerks. It provides in pertinent part as follows:
 21-6-402. Circuit court clerks — Miscellaneous fees.
 (a) Except as provided in subsection (b) of this section,[5] the fees for clerks of circuit courts in this state shall be as follows: *Page 5 
(1) For drawing and issuing, sealing any summons, subpoena ... ......... $ 2.50
(2) For taking and entering a bond, civil or criminal ...................... .60
(3) For every motion, rule, answer, interrogatories, or other
miscellaneous filings ...................................................... .60
(4) For entering every order or decree .................................... 2.00
(5) For entering each judgment ............................................ 3.00
(6) For swearing jury ..................................................... 2.00
(7) For trial before court ................................................ 1.00
(8) For scire facias ..................................................... 15.00
(9) For writs or executions ......................... 10.00
(10) For certificate and seal ............................................. 5.00
(11) For each page in making and preparing any transcript ................. 1.50
(12) For indexing each page ................................................ .10
(13) For certifying costs ................................................. 1.00
(14) For issuing juror or witness certificates ............................. .50
(15) For authentication certificate ....................................... 5.00

 Id. (emphasis added).[6] *Page 6 
In my opinion, in response to your first question, Act 615 of 2007
does not amend the statute above regarding fees chargeable by circuit clerks, either expressly or impliedly. As an initial matter, it does not purport to expressly amend A.C.A. § 21-6-402. Section 21-6-402 is not mentioned in Act 615. Act 615 amends only A.C.A. § 21-6-306, the county recorder fee statute. In addition, Act 615 does not, in my opinion, impliedly amend A.C.A. § 21-6-402. As stated in Op. Att'y Gen. 2006-087:
 . . . "[a] statute may be amended by necessary implication under the provisions of a later act, although the statute amended is not mentioned in the amending act." City of Little Rock v. Black Motor Lines, Inc., 208 Ark. 498, 501, 186 S.W.2d 665 (1945), citing Porter v. Waterman, 77 Ark. 383, 91 S.W. 754 (1906); and Pace v. State Use Saline County, 189 Ark. 1104, 76 S.W.2d 294
(1934).
 Id. at 8.
As also stated in Op. Att'y Gen. 2005-193, however:
 Implied amendments, like implied repeals, are of course not favored in the law. .
 * * * In 59 C.J. 857, in speaking of implied amendments to statutes, this language appears:
 "It has been very generally stated that amendments of statutes by implication are not favored and will not be upheld in doubtful cases. Ordinarily, the legislature's enactment of a law will not be held to have changed a statute that it did not have under consideration at the time of enacting such law; and implied amendments cannot arise merely out of supposed legislative intent in no way expressed, however necessary or proper it may seem to be. An amendment by implication can occur only where the terms of a later statute are so repugnant to an earlier statute that they cannot stand together." *Page 7 
 Pruitt v. Sebastian County Coal Mining Company, 215 Ark. 673, 684, 222 S.W.2d 50 (1949).
 Id. at 5 (emphasis added).
The only way Act 615 of 2007 could be deemed to impliedly amend A.C.A. § 21-6-402, is if the two statutes address the same action by the clerk/recorder. In that event, the fee for that action cannot be both ten dollars (under A.C.A. § 21-6-402 (a)(9)) and fifteen dollars, plus five dollars for each additional page under A.C.A. § 21-6-306, as amended by Act 615 of 2007.
In my opinion, however, A.C.A. § 21-6-306 and § 21-6-402 do not appear to refer to the same action and are not so repugnant that both cannot stand together. Section 21-6-402 above addresses fees for certain actions taken by the circuit clerk. It authorizes a ten dollar fee for "writs or executions," which is presumably the fee for issuing a writ, including a writ of garnishment or a writ of execution. Section21-6-306, as amended by Act 615, on the other hand, addresses fees forrecording instruments, including writs of garnishments and writs of execution. That duty ("recording"), is undertaken by the "county recorder," not by the "circuit clerk," and the applicable fee is now, by virtue of Act 615, fifteen dollars for the first page and five dollars for each additional page.
Confusion appears to have arisen with regard to the applicable fees under Act 615 of 2007, at least with respect to writs of garnishment, because writs of garnishment are apparently not "recorded," at least by some clerks.[7] They are undoubtedly "issued" by the circuit clerk from the courthouse and a ten dollar fee is apparently provided for that action under A.C.A. § 21-6-402. After such issuance, garnishment proceedings are normally judicial in nature and ordinarily do not require further action by the "recorder." See, e.g., A.C.A. § 16-110-401 to -417 (Repl. 2006 and Supp. 2007). It appears that circuit clerk/recorders may have been under the impression that these two statutes (A.C.A. § 21-6-306 and 21-6-402), with respect to writs of garnishment, referred to the same action by the *Page 8 
clerk/recorder. A question has therefore arisen as to whether the amendment by Act 615 of 2007 operates to increase the fee for issuing, rather than recording, writs of garnishment under A.C.A. § 21-6-402, even though Act 615 does not expressly mention or amend A.C.A. §21-6-402. Although there is considerable confusion surrounding the issue, and the statutes could benefit from legislative clarification, I cannot conclude that it does.
A review of the legislative history is instructive in determining whether these two fees relate to the same or different actions by the clerk. It is significant to note that previous law setting the fees for these two separate actions relating to garnishments and executions, one chargeable by the circuit clerk for "writs and executions," and one chargeable by the county recorder for "filing or recording" "writs of garnishment or execution of garnishment," was adopted by virtue of the same Act of the General Assembly. Section 2 of Act 333 of 1977 provided for a four dollar fee chargeable by the circuit clerk "For writs or executions" (presumably for issuing any type of writ or execution); and Section 3 of the same act authorized a four dollar fee chargeable by the county recorder for "filing or recording" "writs of garnishment or execution of garnishment."[8] Obviously, the language of these two provisions is not identical or co-extensive. These two four-dollar fees authorized by Act 333 of 1977 were chargeable until 1989, when the amount charged for these actions diverged. Act 534 of 1989 increased the four dollar county recorder's fee for filing or recording "writs of garnishment or executions of garnishment" to ten dollars. The four dollar fee charged by the circuit clerk for issuing writs, however, remained at four dollars until 2003, when it was also increased to ten dollars. See Acts 2003, No. 1765, § 26. Thus, between 2003 and 2007, the fee for both actions was ten dollars. Act 615 of 2007 has now increased the county recorder's fee for "recording" such writs to fifteen dollars, with five dollars for each additional page.
It is difficult to conclude that these disparate fees listed for circuit clerks and recorders within the same Acts of the General Assembly refer to the same action undertaken by the clerk/recorder. In my opinion, as stated above, these two statutes appear to refer to different fees, relating to different actions, taken by the clerk in different capacities. As noted above, the ten-dollar fee charged by the circuit clerk under A.C.A. § 21-6-402 appears to be for theissuance of writs of *Page 9 
execution or garnishment. The legislative history appears to make that clear. See supra, n. 8. In my opinion, a separate fee appears to be chargeable by the county recorder for "recording" writs of garnishment and writs of execution under A.C.A. § 21-6-306, as amended byAct 615 of 2007. The legislative history of this provision, which includes references to filing or recording "writs of garnishment orexecution of garnishment" does not appear to relate to theissuance of such writs. With regard to "recording" writs ofexecution, there is a statute requiring the clerk to "keep a well-bound book in which he or she shall enter an abstract of allexecutions issued." A.C.A. § 16-66-115 (Repl. 2005). (Emphasis added.) Although this statute, which was a part of the original "Revised Statutes" of 1838, mentions the "clerk" as performing this duty instead of the recorder, Arkansas statutes do reflect a separate duty of the "clerk" to record and index executions.[9] This may explain why there is a separate fee chargeable by recorders under Act 615 of 2007 for recording "writs of execution."
A problem arises in construing Act 615 of 2007 as authorizing a separate fifteen dollar fee (plus five dollars for each additional page) for "recording" writs of garnishment, however, because, according to my understanding, writs of garnishment are not routinely "recorded" by county recorders. Although Act 615 of 2007 authorizes a fee for such action, I can find no current statute expressly describing the action for which this separate "recording" fee is chargeable.[10] Act 615 nonetheless refers to a fee for recording writs of garnishment. Ordinarily, a statute should not be read as accomplishing a vain and useless thing. Phillips Petroleum Company v. Heath, 254 Ark. 847,497 S.W.2d 30 (1973). In addition, it is an established rule of statutory construction that language in a statute will not be given a construction that renders it mere surplusage. See, e.g., Stephens v. Arkansas Schoolfor the Blind, 341 Ark. 939, 20 S.W.3d 397 (2000); Central SouthernCompanies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999); and Ford v.Keith, *Page 10 338 Ark. 487, 996 S.W.2d 20 (1999). If possible, therefore, the reference to a fee for "recording" writs of garnishment will be given effect.
I cannot conclude, however, in order to give this provision effect, that clerk/recorders are authorized to charge the fifteen dollar fee for issuing, as opposed to recording, such a writ. It has been held that county officers are not entitled to collect fees absent express statutory authority to do so and unless they perform the service for which the fee is chargeable. See, e.g., Campbell v. White, 294 Ark. 656,746 S.W.2d 42 (1988). In addition, statutes authorizing the imposition of fees must be strictly construed against the official claiming them.Hempstead County v. Harkness, 73 Ark. 600, 84 S.W. 799 (1905). In light of these precepts and the presumption against implied amendments, I cannot conclude, in response to your first question, that the new fifteen dollar (plus five dollar), fee is chargeable for the issuance, as opposed to the recordation, of a writ of garnishment, or thatAct 615 of 2007 impliedly amends A.C.A. § 21-6-402 in this regard.
A question nonetheless remains as to what action triggers the fifteen dollar fee for "recording" writs of garnishment mentioned in Act 615. I cannot definitively answer this question. Several possibilities exist as to what action triggers this fee or why it is listed in the recorders' fee statute. In the absence of elaborate fact-finding, however, I cannot definitively resolve the issue. Legislative clarification is warranted.
One possibility is that A.C.A. § 16-66-115, requiring the clerk to keep a well-bound book for abstracting "all executions," has also, as a matter of practice, been interpreted by some clerks as including garnishments, perhaps leading to the mention of garnishments in the 1977 law and its retention by Act 615 of 2007. It has been stated that "a writ of garnishment is a form of `execution' in the general sense as a postjudgment collection remedy." Moory v. Quadras, Inc., 333 Ark. 624,628, 970 S.W.2d 275 (1998), citing Sharum v. Dodson, 264 Ark. 57,568 S.W.2d 503 (1978) ("Garnishment after judgment, rather than before judgment is, in effect, a form of execution"). In addition, at the time A.C.A. § 16-66-115 was adopted, all garnishments were post-judgment.[11] See Comment, GARNISHMENT BEFORE JUDGMENT IN ARKANSAS, 8 Ark. L. Rev. 141 (Spring 1954). It does not appear that most circuit clerks currently record or index garnishments under this *Page 11 
statute, however, in light of the typical existence of an underlying judicial action related to the garnishment proceeding. See A.C.A. §16-110-401-417 (Repl. 2006 and Supp. 2007).
Another or additional possibility explaining the stated fee for "recording" writs of garnishment is that the reference to this fee, which was retained, increased and repositioned from the prior 1977 law, is a remnant of a time when the laws of Arkansas authorized "non-judicial" garnishment, which was employed as an aid to pre-judgment attachment. See, e.g., A.C.A. § 16-110-102 (Repl. 2006); Allen v.Stracener, 214 Ark. 688, 217 S.W.2d 620 (1949); Steve A. Nickles, CREDITORS' PROVISIONAL REMEDIES AND DEBTORS' DUE PROCESS RIGHTS: ATTACHMENT AND GARNISHMENT IN ARKANSAS, 31 Ark. L. Rev. 607 (Winter 1978); and Comment, GARNISHMENT BEFORE JUDGMENT IN ARKANSAS, 8 Ark. L. Rev. 141 (Spring 1954). Under this statute, garnishees were not automatically made parties to the pending civil action for which the plaintiff wished to secure assets through garnishment. Id. There may have thus been a separate need to record or index such writs and the actions taken under them. The statutes embodying that procedure have been ruled unconstitutional, however (see McCrory v. Johnson,296 Ark. 231,755 S.W.2d 566 (1988)); and by the early 1990's, it was recognized that such procedure, although still on the books, had ceased to exist in Arkansas. See Ward v. Dapper Dan Cleaners, 309 Ark. 192, 828 S.W.2d 833
(1991) (imposing Rule 11 sanctions against attorney who filed for pre-judgment attachment); and Stephens v. Walker, 743 F. Supp. 670 (W.D. Ark. (1990)) (stating that "as a result of McCrory, Arkansas currently has no statutory mechanism for the pre-judgment attachment of property").
As stated above, however, I cannot determine the exact action that triggers the "recording" fee for writs of garnishment under A.C.A. § 21-6-306. Legislative clarification is warranted on that point.
I can state, however, that in my opinion, the answer to your first question is "no." Act 615 of 2007 did not expressly or impliedly amend A.C.A. § 21-6-402. Although I am uncertain as to precisely what action A.C.A. 21-6-306 refers in connection with writs of garnishment, it does not appear that it is the same action referenced in A.C.A. § 21-6-402, or that the first-mentioned statute impliedly repeals the latter.
Question 2 — As amended, Ark. Code Ann. § 21-6-306 indicates that theuniform fee for the recording of a writ of garnishment or a writ ofexecution by the *Page 12 county recorder costs $15.00 for the first page and $5.00 for eachadditional page. Does this amendment affect the circuit clerk's fee forthe issuance of a writ of garnishment or a writ of execution pursuant toArk. Code Ann. § 21-6-402 (a)(9)?
No. See response to Question 1 above.
Question 3 — Under Arkansas law, what is the cost for the issuance ofa writ of garnishment or a writ of execution by a circuit courtclerk?
In my opinion, the answer is ten dollars pursuant to A.C.A. § 21-6-402(a)(9) (Supp. 2007). See discussion above.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A "writ of execution" is the form of a command to the sheriff to take into possession property of the judgment debtor, while a "writ of garnishment" is a suit directed to a third party to determine whether the garnishee is indebted to the judgment debtor, and to obtain a judgment that such money or property be paid to the judgment creditor.Moory v. Quadras, Inc., 333 Ark. 624, 970 S.W.2d 275 (1998).
[2] This is true unless an election has occurred under Arkansas Constitution, Amendment 55 to consolidate or revise the duties of the officers in question. See e.g., Op. Att'y Gen. 97-383.
[3] The term "provisional remedies" has been held to include "garnishment." Foster v. Pollack Company, 178 Ark. 48, 291 S.W.2d 989
(1927). See also, G.A.C. Trans-World Acceptance Corporation v.Jaynes, 255 Ark. 752, 502 S.W.2d 651 (1973).
[4] The underlined language was added by Act 615 and the language stricken was removed from the statute by Act 615.
[5] Subsection (b) addresses certain fees charged to the Department of Finance and Administration.
[6] Although your first question is drafted in general terms, I have italicized language in both statutes relating to writs of garnishment and writs of execution because these actions appear to be the focus of your remaining questions.
[7] Prior to the amendment made by Act 615 of 2007, A.C.A. § 21-6-306
referred to the "filing or recording" of such writs by recorders. (Emphasis added.) It is my understanding that writs of garnishment are widely "filed" rather than recorded. See also, former A.C.A. § 16-17-126
(as adopted by Acts 1991, No. 262) (stating in setting the fee for filing or issuing writs of garnishment in district courts, that circuit courts are "authorized to collect ten dollars ($10) for filing similar actions"). Act 615 removed any reference to filing such writs, or any fee chargeable for that action.
[8] Prior law, within the same acts, authorized the circuit clerk to charge set fees for "drawing and sealing any writ original or judicial. . ." but provided a per word fee to the recorder for recording "every instrument of writing." See Acts 1875 (Feb. 25) at §§ 7, 9 and 15; and Acts 1945, No. 55, §§ 1 and 2 (using similar, but slightly different language).
[9] The original provision imposed this duty upon "each clerk of the several courts of record in this state. . . . " Revised Statutes of 1838, ch. 60, § 11. Perhaps that is why it did not refer to the "recorder," who at that time was the circuit clerk. Id. at ch. 25, § 4.
[10] As noted earlier in this opinion (supra at 3), A.C.A. § 16-20-101 directs the circuit clerks to "endorse upon every order for a provisional remedy . . . the day of its return to his office." It is possible that prior law (1977 law), contemplated a fee for this "endors[ement]," or for filing the "return" of the writ. Prior law authorized the recorder to charge a fee for "filing or recording" writs of garnishment or execution of garnishment. Act 615 of 2007, as notedsupra (n. 7), however, removed the reference in 21-6-306 to recorder fees for "filing" writs of garnishment. That statute now refers only to the "recording" of such writs.
[11] Pre-judgment garnishment, on the other hand, was historically described as a species of "attachment." Allen v. Stracener,214 Ark. 688, 217 S.W.2d 620 (1949). *Page 1