## WINKLER *v.* BAXTER.

## Opinion delivered October 19, 1914.

1. JUDGMENTS—LIEN ON REAL ESTATE—FILING JUDGMENT IN ANOTHER COUNTY.—Where a judgment was obtained before a justice in one county, but a transcript of the proceedings before the justice were not filed in the circuit court of that county, the filing of the same in the circuit court of another county will not operate to give a lien on real estate of the defendant in the second county.

2. EXECUTION SALE—INVALID SALE—CLOUD.—Where the sheriff has sold land under an invalid execution and the original owner brought an action in ejectment against the purchaser at the sale, the said deed being a cloud on the plaintiff's title, it is proper upon motion, to transfer the cause to equity for the purpose of cancelling the deed and removing the cloud.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellant was the plaintiff in the action below, which was a suit in ejectment to recover an undivided half-interest in a certain tract of land situated in Arkansas County. The complaint alleged that plaintiff had obtained a judgment for $79.30 against one Sam Baxter in the court of J. W. Rowsey, a justice of the peace for Old River Township, Jefferson County, Arkansas, and that an execution was issued on this judgment, which was returned *nulla bona,* and that appellant, on July 11, 1907, obtained a certified transcript of this judgment, and the return of the execution in duplicate, both of which were signed by the justice of the peace, and that he filed one copy of this transcript in the office of the clerk of the circuit court of Arkansas County, and on August 27, 1907, mailed the other copy of the transcript to the circuit clerk of Jefferson County, together with the fee for filing the same. That on August 15, 1908, an execution was issued by the clerk of Arkansas County, based upon this transcript, under which the sheriff levied upon and sold the land in controversy, which was purchased at this execution sale by the appellant; and the year of redemption having expired, the sheriff of Arkansas County, on the

21st day of September, 1909, executed to appellant a sheriff's deed for said land.

This suit was brought against Charles T. Baxter, who was in possession of the land, and who had received a deed therefor from the said Sam Baxter, dated January 24, 1908, and appellant says that this conveyance was made after his lien had attached to the land, and was, therefore, subject to that lien.

Appellant excepted to this sheriff's deed, upon which the suit was brought, alleging the fact to be that the levy and sale by the sheriff and the deed executed by him pursuant thereto was illegal, for the reason that there was no. legal judgment upon which the clerk of Arkansas County could issue an execution, and there was also an answer, which set up substantially the same facts.

In support of the allegations of the complaint appellant's attorney testified that he mailed a transcript of the justice's judgment to the clerk of the circuit court of Jefferson County, together with the necessary filing fees, but he does not undertake to testify that this transcript was ever received or filed by the circuit clerk of Jefferson County. Upon the contrary, the present clerk of Jefferson County and his predecessor, who, between them, had been in office for a period of time antedating this judgment, both testified that no such transcript had ever been received or filed in that office, and that no record in that office showed its receipt or filing.

The transcript of the alleged judgment, which was filed in Arkansas County, and on which the execution was later issued by the clerk of Arkansas County, is not certified to by the circuit clerk of Jefferson County. The lands involved are situated in Arkansas County, and the complaint alleged, and the appellee admitted, that he was in possession of the land.

*W. N. Carpenter,* for appellant.

There was a substantial compliance with the statute, Kirby's Dig., § § 4631, 4632, 4633, which is both directory and remedial. 34 Ark. 491. Remedial statutes are to be

liberally construed. 9 Ark. 328-35; 11 Ark. 496; *Id.* 620; 13 Ark. 58; 28 Ark. 200-206. See, also, 48 Ark. 309.

*Appellee, pro se.*

Before a judgment of a justice of the peace can become a lien against the lands of the defendant, a transcript thereof must be filed in the office of the circuit clerk of the county in which the judgment was obtained, and, though a certified copy thereof can be filed in a different county, yet execution on the judgment must be issued from the county in which the judgment was rendered, directed to and executed in the other county. Kirby's Dig., § § 4631-4634; *Id*, § 3206; 52 Am. St. Rep. 800; 52 Pac. 25; 97 Ind. 242; 35 Ia. 170; 57 N. W. 78; 74 Pac. 690; 69 Pac. 765.

The issuance of execution in Arkansas County, and the levy, sale and deed thereunder, were unauthorized and void.

SMITH, J., (after stating the facts). Sections 4631-4633, of Kirby's Digest, provide that every justice of the peace, on the demand of any person in whose favor he had rendered judgment for more than $10, exclusive of costs, shall give to such person, upon payment of costs, a certified copy of such judgment, and that the clerk of the circuit court of the county in which the judgment was rendered shall, upon the production of any such transcript, file the same in his office, and forthwith enter such judgment in the docket of the circuit court for judgments and decrees, and shall note thereon the time of filing such transcript. But that no such transcript shall be filed and no execution shall be sued out of the circuit court on such judgment until an execution shall have been issued by the justice of the peace and a return made showing that the defendant has no goods or chattels whereon to levy the same, and that when this has been done, every such judgment, from the time of filing the transcript thereof, shall be a lien on the real estate of the defendant in the county to the same extent as a judgment of the circuit court of the same county, and shall be carried into execution in

the same manner and with like effect as the judgments of such circuit courts.

Section 4438, of Kirby's Digest, provides that the judgments of the Supreme, chancery and circuit courts of this State shall be a lien on the real estate owned by the defendant in the county in which the judgment was rendered from the date of its rendition, but that such judgment shall not be a lien on the lands of the defendant in any other county than that in which it is rendered until a certified copy of the judgment is filed in the office of the clerk of the circuit court of the county in which the land lies.

(1) These statutes have not been complied with, and the judgment of the justice of the peace never became a lien upon the land in controversy, and there was never any authority for the action of the circuit clerk of Arkansas County to issue the execution under which the sale was made, and, consequently, there was no authority for the action of the sheriff in making the sale and in executing his deed to appellant. This is true, because the proof does not show that this transcript was filed in the office of the circuit clerk of Jefferson County, and this was, of course, the first step, and an indispensable one, to make a judgment of a justice of the peace a lien upon land in any county. It is not contended that the clerk of the circuit court of Jefferson County prepared a certified copy of the judgment for filing in the office of the clerk of the circuit court of Arkansas County, and there was no authority under the law for the filing of the transcript of the justice of the peace of Jefferson County with the clerk of the circuit court of Arkansas County. The whole proceeding appears to be invalid.

(2) It is insisted that the record does not show how this case was transferred to the chancery court. But no such question was raised in the court below, and no motion was made in the chancery court to remand the cause. Besides, the record recites that the parties appeared by their counsel and by agreement of both parties, the court proceeded to hear this cause. Moreover, the sheriff's

deed above mentioned is a cloud upon appellee's title and upon motion it would have been proper to transfer this case to the chancery court for the purpose of cancelling and removing this cloud, and the decree of that court cancelling it is affirmed.