S. A. ROBERTSON & COMPANY *v.* LEWIS RICH CONSTRUCTION COMPANY.

Opinion delivered February 6, 1922.

1. GARNISHMENT—JURISDICTION OF SUBJECT-MATTER.—An action begun in the circuit court on an account for $58 and on 46 notes for $10 each was not within the court's jurisdiction, and a garnishee could not be held therein.

2. PLEADING—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION.—Where a complaint in the circuit court alleging a cause of action on an account for $58 and on 46 notes for $10 each was amended by alleging a cause of action on an account for $546.07, the amendment introduced a new cause of action within the court's jurisdiction, which was tantamount to the commencement of a new action.

3. GARNISHMENT—NEW CAUSE OF ACTION—PROCESS.—Where a writ of garnishment was issued in an action of which the court had no jurisdiction, and an amended complaint was subsequently filed alleging a new cause of action within the court's jurisdiction, the garnishee was not liable unless brought into court under new process.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*Emerson, Donham & Shepherd,* for appellant.

The court erred in quashing the writ of garnishment and dismissing the garnishee (appellee), and at the same time holding the amended complaint good. The right to amend pleadings is thoroughly established. 55 Ark. 200; sec. 1239, C. & M. Digest.

Defects in pleadings could only be taken advantage of by the defendant, not the garnishee. 63 Ill. App. 289; 21 Ind. 280.

The filing of the amended complaint dated appellant's rights back to the time of the filing of the original complaint (33 Ark. 251), and it was error to discharge the garnishee (appellee) from liability for any sums he might have owed the defendant at the time of the service of the garnishment writ, as the service of such writ operates as a transfer of the amount due by the garnishee to the original defendant to the judgment creditor. 6 Ark. 391.

The present action was one upon account, and not upon notes, and is very similar to the case in 78 Ark. 490, where it was held that the written memoranda were not orders or notes, but a suit upon account. See also 59 Ark. 86.

*Chas. B. Thweatt,* for appellee.

By the filing of the amended complaint a new suit was instituted. 59 Ark. 446; 70 Ark. 325; 33 Ark. 687; 49 Ark. 99.

The garnishment statute must be strictly construed. 96 Ark. 470; 29 Ark. 470; 20 Cyc. 1032. And to permit a judgment against a garnishee, based upon a different cause of action from that upon which the writ was issued would not be a compliance with the statute. 75 Ark. 465; 94 Ark. 281.

No jurisdiction was acquired of the garnishee based upon the original complaint, and no writ was issued under the amended complaint.

The circuit court had no jurisdiction. Each of the memoranda constituted a separate cause of action, and each was for less than $100. The separate and not the aggregate amounts control. 89 Ark. 435; 85 Ark. 213; 24 Ark. 177; 9 Ark. 466; 3 Ark. 494.

It is immaterial that defendant failed to appeal from the judgment against him, since the court did not have jurisdiction of the subject-matter. Jurisdiction cannot be gained by consent of parties. 134 Ark. 334; 48 Ark. 156; 90 Ark. 198; 34 Ark. 399; 85 Ark. 213; 33 Ark. 31.

McCULLOCH, C. J. Appellants are merchants and instituted this action against the defendant, Thomason, to recover the sum of $546.07. At the commencement of the action they sued out a writ of garnishment against appellee (a corporation) as garnishee, alleging that appellee was indebted to the defendant in the sum of $1,000. In the original complaint it was alleged that Thomason was indebted to appellant in the sum of fifty-eight and 96/100 dollars for goods and merchandise sold and delivered, the particulars of which were set forth in an exhibited account, and that Thomason was further indebted to appellants in the sum of four hundred eighty-seven and 11/100 dollars, "as evidenced by forty-six promissory notes, as follows." Then is set forth forty-six separate paragraphs, each describing a note for the sum of $10, giving date of execution, date of maturity and interest rate. Neither copies of the notes nor the originals were filed as exhibits with the complaint, but the complaint contained a statement that the original notes were held subject to the orders of the court.

There was a demurrer to the complaint, which the court does not seem to have passed upon, but on the filing of the demurrer appellant filed an amended complaint stating that the defendant was justly indebted to appellant "in the sum of $546.07 on account for goods and merchandise sold and delivered by the plaintiff to the defendant during the year 1920, memoranda of which were attached hereto, together with all the credits to

which defendant is entitled, leaving due and unpaid the sum above mentioned." The amended complaint contained the further statement that appellee "is indebted to the defendant, H. B. Thomason, in the sum of $800." With the amended complaint there were filed, as exhibits, copies of forty-six written instruments, all in the following form except as to dates, amount and terms of payment, each being for the sum of $10.

"$10.00                              Screeton, Ark., 8/4/1919.
"Received of S. A. Robertson & Co.
"Merchandise Coupon No. 1098

"Good for $10.00 which I agree to pay for within thirty days from date, with interest at the rate of 10 per cent. per annum from maturity until paid.
                                    "H. B. Thomason."

There was no further process issued against either the defendant or against appellee as garnishee. The court thereupon entered a judgment dismissing the garnishee, but overruled a demurrer of the defendant and rendered judgment against him for the amount of the debt. There has been no appeal prosecuted by the defendant Thomason, and the plaintiffs alone have appealed.

It will be observed from a consideration of the complaint that it declares upon account in the sum of $58.96, and 46 promissory notes, each for the sum of $10. The action was commenced in the circuit court, and since each of the separate causes of action set forth in the complaint were for less than the sum of $100, the court had no jurisdiction of the subject-matter of the action. *American Soda Fountain Co. v. Battle*, 85 Ark. 213. This being true, the garnishee could not be held in a case where there was no jurisdiction of the subject-matter of the principal action. The amendment, if it be construed to state a cause of action upon an account and not on the written instruments, the same as in the original complaint, sought to introduce a new cause of action within the jurisdiction of the court, and this was tantamount

to the commencement of a new suit (*Wood* v. *Wood*, 59 Ark. 441; *Patrick* v. *Whitely*, 75 Ark. 465), and the garnishee was not liable unless brought into court under new process. *Schiele* v. *Dillard*, 94 Ark. 277.

The court was correct therefore in refusing to hold the garnishee and in dismissing the original garnishment for want of jurisdiction.

Affirmed.