THE McGEHEE BANK OF McGEHEE *v.* CHARLES W. GREESON & SONS, INC.

5-189                                   263 S. W. 2d 901

Opinion delivered January 25, 1954.

*Edwin E. Hopson, Jr.,* and *Wm. C. Medley,* for appellant.

*L. B. Smead,* for appellee.

ED. F. McFADDIN, J. The McGehee Bank recovered judgment 'n the *Desha Chancery Court* against Charles

W. Greeson, an individual. Later the McGehee Bank (hereinafter called "Bank") placed the said judgment of record in *Calhoun County,* under authority of § 29-130 Ark. Stats.; and then had writ of execution and also writ of garnishment issued by the Clerk of the *Calhoun Chancery Court.* These writs were served: the execution on some road building machinery, and the garnishment on a firm indebted to Chas. W. Greeson & Sons, Inc. (hereinafter called "Greeson Corp."). Thereupon, Greeson Corp. filed the present suit in the Calhoun Chancery Court, seeking, *inter alia,* to enjoin the Sheriff of Calhoun County from proceeding under the execution and to restrain the garnishee from holding funds under the garnishment. The allegations were that the Greeson Corp. was entirely distinct from Chas. W. Greeson, the individual, against whom the judgment had been obtained in the Desha Chancery Court; and that the road building machinery and the garnished funds were property of the Greeson Corp. The Calhoun Chancery Court entered a decree quashing the writ of garnishment and permanently enjoining any procedure under the execution; and from that decree the Bank prosecutes this appeal.

Many interesting questions are argued in the briefs but there is one proposition that necessitates an affirmance of the Chancery decree; and that is the invalidity of the writ of execution and writ of garnishment.

As to an execution, the general rule is that it must issue out of the Court which rendered the judgment unless there be Statutes empowering some other authority to issue the execution. In 21 Am. Jur. 29, in the article on "Executions", the text says:

"The general rule is that a writ of execution is issuable only out of the Court which rendered the judgment, and that an execution issued by the Clerk of a Court other than the one rendering the judgment, unless authorized by some Statute, is void."

See *Williamette Real Estate Co.* v. *Hendrix,* 28 Ore. 485, 42 P. 514, 52 Am. St. Rep. 800; *People* v. *Wallace,* 332 Ill. 427, 163 N. E. 820; *Stoll* v. *Allen,* 202 Okla. 514, 215 Pac.

2d 559; and see also 33 C. J. S. 188. Likewise as to garnishment after judgment, the general rule is that the writ can issue only out of the Court which rendered the judgment unless Statutes empower some other authority to issue the garnishment. See 23 C. J. 362; 28 C. J. 192; and 38 C. J. S. 335.

With the general rules thus stated—to the effect that a writ of execution as well as a writ of garnishment after judgment must issue out of the rendering Court unless Statutes provide otherwise—we come to a study of the Arkansas Statutes on the point. Counsel for appellant have cited us to no Arkansas Statute changing the general rule, as heretofore stated; and our search has likewise failed to disclose any such Statute applicable to Circuit Court judgments or Chancery Court judgments.

We do have a Statute relating to judgments of Justice of the Peace Courts; and that Statute is contained in § 26-1121 et seq. Ark. Stats. It provides that when a certified copy of the Justice of the Peace judgment is filed in the office of the Circuit Clerk, execution may be issued out of the Circuit Court on such judgment.[1] This is Act 135 of 1873, as amended by Act 333 of 1941. The interesting point is that by the said Act of 1873, the Legislature provided that when a judgment of the Justice of the Peace Court was duly filed in the Circuit Court, then (§ 26-1123 Ark. Stats.) the said judgment ". . . shall be carried into execution in the same manner and with like effect as the judgments of such circuit courts." So the Legislature knew how to provide for an execution out of a court other than the rendering court. Yet when the Legislature adopted Act 56 of 1891 (as now found in § 29-130 Ark. Stats.), the Legislature merely provided that a judgment of a Chancery Court or Circuit Court rendered in one County could be placed of record in another County, ". . .

---

[1] An interesting case involving Circuit Court execution on a Justice of the Peace judgment is *Winkler* v. *Baxter*, 114 Ark. 422, 170 S. W. 94. It was decided prior to Act 333 of 1941. Section 31-514, Ark. Stats., concerns writs of garnishment on Justice of the Peace judgments, and is not applicable to Circuit and Chancery Court judgments.

and from that time the judgment shall be a lien on the defendant's lands in such county.'' This Statute fails to say that the execution will be issued by the officials in the County in which the judgment has been recorded. In § 30-106 Ark. Stats. there is the form of execution, which says that it is issued on a judgment which the plaintiff ''. . . late in our court recovered . . .''; and that quoted language certainly means that it is the rendering court that issues the execution. Furthermore, § 30-114 Ark. Stats. provides that ''Executions issued upon any judgment, order or decree rendered in any court of record may be directed to and executed in any county in this State''; and this further supports the conclusion that the Court rendering the judgment is the one to issue the execution.

The Statutes, concerning the issuance of garnishments, are contained in § 31-501 et seq. Ark. Stats.; and § 31-513 provides: ''Writs of garnishment may be issued from the Circuit Court of one County to any other County in the State.'' Thus it is the court in which the suit is pending or the judgment was rendered that has authority to issue the garnishment. We find no Statute providing otherwise in a situation like the one here existing. In *Mo. Pac. Rd. Co.* v. *McLendon,* 185 Ark. 204, 46 S. W. 2d 626, we said:

''The remedy given by garnishment is purely statutory, and the statute must be strictly construed.''

We therefore conclude that the Chancery Court of Calhoun County was correct in quashing the garnishment and in enjoining any proceeding under the execution, since these writs had been issued by the Clerk of the Chancery Court of Calhoun County, who had no authority to issue such writs on a judgment rendered by the Desha Chancery Court.

Affirmed.