**GENERAL ELECTRIC CREDIT COR-PORATION, Plaintiff,**

v.

**WAUKESHA BUILDING CORPORA-TION, Fay Kirsch, and Samuel Fleishner, Administrator With Will Annexed of the Estate of Samuel H. Kirsch, Deceased, Defendants,**

**P. W. Jameson, Garnishee.**

Civ. A. No. 1036.

United States District Court
W. D. Arkansas,
Hot Springs Division.

Nov. 2, 1966.

Wootton, Land & Matthews, Hot Springs, Ark., for plaintiff.

D. D. Panich, Little Rock, Ark., for defendants.

Rose, Meek, House, Barron, Nash & Williamson, Little Rock, Ark., for garnishee.

## OPINION

JOHN E. MILLER, Chief Judge.

On October 17, 1966, the garnishee, P. W. Jameson, filed his motion to quash the writ of garnishment issued against him, together with the allegations and interrogatories, and the service of said documents. The motion is based upon four grounds alleged therein, but since the parties have executed and filed stipulation of facts, it is unnecessary to set forth the grounds upon which the motion is based. However, it appears necessary that some historical facts in addition to the stipulated facts be referred to.

The plaintiff, General Electric Credit Corporation, commenced on July 29, 1966, in this court its suit against the defendants, Waukesha Building Corporation, Fay Kirsch, and Martin Fleischner, Administrator with Will Annexed of the Estate of Samuel H. Kirsch, deceased, seeking judgment in the amount of $193,841.98, together with accumulated unpaid interest through June 17, 1966, in the amount of $20,232.64, and for daily accrual interest from June 18, 1966, until paid in the amount of $53.84 per day. The plaintiff is also seeking a reasonable attorney's fee not to exceed ten percent of the principal and balance due and owing.

The suit is based upon a promissory note, the payment of which is allegedly secured by a deed of trust dated February 24, 1964, and certain other security agreements. The defendants filed their answer on October 8, 1966. On October 6, 1966, plaintiff filed statutory allegations and interrogatories for the issuance of a writ of garnishment. On the same day plaintiff caused to be executed a bond in the sum of $439,779.98, conditioned upon the payment by the plaintiff to the defendants of "all damages that they may sustain by the wrongful bringing of such suit or the wrongful issuance of said writ of garnishment." Upon the filing of the bond, the writ of garnishment was issued on October 6, 1966.

Simultaneously with the filing of the motion to quash on October 17, 1966, the attorneys executed and filed a stipulation of facts, in which it was stipulated:

1. That the garnishee, P. W. Jameson, was at all times material to the motion a resident of Memphis, Tennessee, and a citizen of the State of Tennessee;

2. The garnishee, P. W. Jameson, never had any contract or business or other relations with the plaintiff which in any way gave rise to the cause of action asserted by plaintiff against the defendants.

3. The garnishee never had any contract or business or other relations with the defendants or any of them, which in any way gave rise to the cause of action asserted by plaintiff against the defendants.

4. The garnishee did not personally, or through any agent, ever do any act or thing or transact any business in the State of Arkansas out of which plaintiff's cause of action herein against the defendants arose.

5. The garnishee, P. W. Jameson, was a complete stranger to the transactions between plaintiff and the defendants described in the complaint, and was in no way a party to any of such transactions or to any of the documents exhibited to the complaint.

On October 20, 1966, the parties filed an additional stipulation, as follows:

"(1) Service of the garnishment in question was attempted to be made as follows:

"(a) By the United States Marshal for the Western District of Tennessee delivering a copy of said garnishment, together with the allegations and interrogatories to Jameson in Memphis, Tennessee, on October 7, 1966.

"(b) By mail, namely: On October 7, 1966, Dan Douglas, United States Marshal, Western District of Arkansas, mailed a letter by registered mail to P. W. Jameson, addressed to him at his office in Memphis, Tennessee, enclosing a copy of the writ of garnishment in question and of the interrogatories filed, which letter was received by Jameson in Memphis, Tennessee on or about October 10, 1966, and a true copy of which is attached to this stipulation as Exhibit A.

"(c) By serving the Secretary of the State of Arkansas on or about October 10, 1966, with a copy of the writ of garnishment together with the allegations and interrogatories, as the implied agent for service of Jameson.

"(2) That P. W. Jameson was the prime contractor for the construction of the Aristocrat Motel in Hot Springs, Arkansas, for Waukesha Building Corporation, as owner thereof, and which construction was completed in August of 1963.

"(3) Waukesha Building Corporation filed suit against Jameson, and Maryland Casualty Company, the surety on his performance bond, on May 28, 1965, in this court, Civil Action No. 985, seeking to recover damages for alleged faulty construction of said motel, and said suit is now pending in this court."

It was further stipulated that the motion of P. W. Jameson to quash the garnishment issued herein against him may be submitted upon the stipulation of October 17 and the additional stipulation filed October 20.

On October 19, 1966, the garnishee submitted a brief in support of his motion, and on October 21 the plaintiff submitted its brief in opposition to the motion.

The garnishee contends:

"(1) The writ of garnishment is void on its face.

"(2) Jameson was not subject to service of the writ of garnishment under any law of Arkansas."

These contentions will be considered in the order set forth.

I.

Rule 64, Fed.R.Civ.P., provides:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, * * *."

subject to a qualification that if there is an applicable federal statute, then the federal statute governs. There is no controlling federal statute applicable to this procedure and it follows that the law of Arkansas must control.

In Schiele v. Dillard, (1910) 94 Ark. 277, 126 S.W. 835, the court at page 281 of 94 Ark. page 837 of 126 S.W. said:

"The garnishee must be served with process. * * * The validity of garnishment proceedings rests entirely upon complying with judicial process and statutory provisions."

In State ex rel. Berry Asphalt Co. et al. v. Western Surety Company, (1954) 223 Ark. 344, 266 S.W.2d 835, the court at page 347 of 223 Ark., page 837 of 266 S.W.2d cited Shiele v. Dillard, supra, and said:

"We may dispose quickly of the garnishment question. It is familiar law

that a garnishee cannot enter his appearance; he must be brought into court by process."

The writ of garnishment was directed to the "United States Marshal, Western District of Tennessee." There is no authority, statutory or otherwise, in Arkansas for the issuance of a garnishment directed out of the state. The sole statutory authority appears in Ark.Stat. Ann., § 31–513 (1947), which provides:

"Writs of garnishment may be issued from the circuit court of one county to any other county in the State."

In Beasley v. Haney, (1910) 96 Ark. 568, 132 S.W. 646, the court at page 570 of 96 Ark., page 647 of 132 S.W. said:

" * * * The remedy given by garnishment is purely statutory in its nature. As is said in the case of Trowbridge v. Means, 5 Ark. 135: 'Such statutes are all in derogation of the common law, and have generally received a strict construction.' To make the same effective it is necessary that the proceedings by garnishment be pursued according to the provisions of the statute."

■ Except for the provisions of Rule 64, Fed.R.Civ.P., and for the statute above referred to, a garnishment could not be issued at all, and since such statutes are in derogation of the common law, they must be strictly construed. The Supreme Court of Arkansas has held void garnishments issued without express statutory authority in Littlejohn v. Lewis, (1877) 32 Ark. 423; Missouri P. Rd. Co. v. McLendon, (1932) 185 Ark. 204, 46 S.W.2d 626; First Nat. Bank of Huttig v. Rhode Island Ins. Co., (1932) 184 Ark. 812, 43 S.W.2d 535; McGehee Bank of McGehee v. Charles W. Greeson & Sons, Inc., (1954) 223 Ark. 18, 263 S.W.2d 901.

■■ Under the law of Arkansas a garnishment not expressly authorized by statute is void, and the writ of garnishment involved herein directed to the United States Marshal for the Western District of Tennessee is void on its face.

## II.

■ Since it is the opinion of the court that the writ of garnishment is void as being issued without any statutory authority, it follows that the attempted service of the writ under any of the long-arm statutes of Arkansas could not validate the void writ. However, the validity of the attempted service has been briefed and the court believes the parties are entitled to have the question considered and decided.

As shown by the additional stipulation, service of the writ of garnishment was attempted by the United States Marshal for the Western District of Tennessee by delivering a copy of the writ, together with the allegations and interrogatories, to P. W. Jameson in Memphis, Tennessee, on October 7, 1966. Also on October 7 the United States Marshal for the Western District of Arkansas mailed a letter by registered mail to P. W. Jameson, and enclosed a copy of the writ of garnishment and the allegations and interrogatories. The letter was received by Jameson in Memphis on or about October 10.

The plaintiff contends that the service by the United States Marshal for the Western District of Tennessee and also by the mailing of the writ and accompanying documents to Jameson by the United States Marshal for the Western District of Arkansas are valid and authorized under the Uniform Interstate and International Procedure Act, Act No. 101 of the Acts of the Legislature of Arkansas for the year 1963, and now appearing as Ark.Stat.Ann., §§ 27–2502 and 27–2503 (1965 Supp.).

Service was also attempted under Ark. Stat.Ann., § 27–340, by serving the Secretary of the State of Arkansas on or about October 10 with a copy of the writ of garnishment, together with the allegations and interrogatories. The plaintiff contends that the Secretary of State was the implied agent for service on the garnishee, Jameson. In order for service to be good under either or both of these statutes, it must appear not only

that Jameson transacted business in Arkansas or contracted to furnish work or things in Arkansas, but also a plaintiff's cause of action must arise out of the transaction of such business. In other words, for service to be good, the plaintiff must have a cause of action against Jameson arising out of the activities of Jameson in Arkansas.

The Act, principally relied upon by plaintiff, Ark.Stat.Ann., § 27–2502 (1965 Supp.), provides:

"C. Personal Jurisdiction based upon conduct.

"1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

"(a) transacting any business in this State;

"(b) contracting to supply services or things in this State;

\* \* \* \* \* \*

"2. When jurisdiction over a person is based solely upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him.

"D. Service outside the State. When the exercise of personal jurisdiction is authorized by this section, service may be made outside this State.

"E. Inconvenient forum. When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.

"F. Other bases of jurisdiction unaffected. A court of this State may exercise jurisdiction on any other basis authorized by law."

Section 27–2506 (§ 5 of the Uniform Act) in its relevant portions, provides:

"Except as otherwise provided herein, this act \* \* \* does not repeal or modify any law of this State.

"(1) authorizing the exercise of jurisdiction on any bases other than the bases specified in section 1 [§ 27–2502] of this act;

"(2) permitting a procedure for service or for obtaining testimony \* \* \* ;"

The plaintiff argues that since Ark. Stat.Ann., § 31–504 provides, "such writs shall be directed, served and returned in the same manner as writs of summons," that Act 101 permits a summons to be served out of this State if the conditions of the Act are met, and that, therefore, the effect of the Act is to amend and enlarge the statutes authorizing garnishment, assuming the prerequisites for invoking Act 101 exist.

■ In the opinion of this court Act 101 was not intended to and does not cover garnishment. The Act refers to "(cause of action) (claim for relief)." The reason for the use of the terms "cause of action" and "claim for relief" is stated in the Commissioners' Notes appearing in 9B, U.L.A., 1965 Supp., p. 83 as follows:

" 'Cause of action' is the phrase used in the statutes, rules and cases of some states and is based upon the common law and Field Code; 'claim for relief' is used in the Federal Rules of Civil Procedure and the law of those states based upon those rules. For purposes of the Uniform Interstate and International Procedure Act, they have the same meaning. See Comment to Section 1.03(b)."

At page 87 it is stated:

"Subdivision (b) is designed to prevent assertion of independent claims unrelated to any activity described in subdivision (a) of section 1.03."

The subdivision (a) referred to is as hereinbefore set forth under the contentions of plaintiff.

■■ The plaintiff does not pretend that it has any cause of action against the garnishee, Jameson. Its cause of action is the one alleged in the complaint against the defendants. The writ of garnishment is merely auxiliary to that cause of action by way of a provisional remedy. The indebtedness, if any, that Jameson owes the defendants arises from a contract for the construction of the Aristocrat Motel. Thus, the indebtedness, if any, of Jameson is to the defendants and not to the plaintiff in this action. The policy underlying the enactment of Act 101 was to provide a procedure whereby a resident of Arkansas, who has a cause of action against a nonresident arising out of activities in Arkansas, should be allowed to pursue his remedy in the courts of Arkansas. In such a case, the nonresident allegedly would have violated a duty or obligation which had been incurred by such activities, and thus the policy of Arkansas, as evidenced by the Act, would be to allow such citizen-resident of Arkansas to call the nonresident to an accounting in the courts of Arkansas. In the instant case the garnishee is neither an alleged wrongdoer nor an alleged contract-breaker. There is no allegation that the plaintiff has been damaged by any conduct of the nonresident. Thus the Act in nowise provides that a stranger to the activities of a nonresident, and who was not allegedly injured in any way by such activities of the nonresident in Arkansas, can require the nonresident to go to the expense of litigating an issue thus made up with a person with whom he has no contractual or other obligating relations.

The plaintiff has cited and relies on such cases as Nelson v. Miller, 11 Ill. 2d 378, 143 N.E.2d 673, in support of its contentions. The court has read all of such authorities cited by plaintiff, but does not find that they are applicable to the issue now before the court.

■ In subsection (1) (c) of the additional stipulation, filed October 20, 1966, it was stipulated that service of the writ of garnishment was attempted "by serving the Secretary of the State of Arkansas on or about October 10, 1966, with a copy of the writ of garnishment, together with the allegations and interrogatories, as the implied agent for service of Jameson." This attempt was made under Ark.Stat.Ann., § 27–340, and is not effective for the reasons heretofore set forth in the discussion of the Uniform Interstate and International Procedure Act.

In Waukesha Building Corp. v. Jameson, (W.D.Ark.1965) 246 F.Supp. 183, the court had before it a motion of the third-party defendant to quash the service of a summons and dismiss the third-party complaint against it. The motion was denied, and at page 188 this court, after stating the minimum contacts which may render a foreign corporation subject to service in the courts of the State of Arkansas said:

"Doing these acts does not, of course, render a foreign corporation subject to service of process on any cause of action, but only those which can be tied, to the specific provisions of the statute."

In the opinion of the court, even though it should be held that the writ of garnishment directed to the United States Marshal for the Western District of Arkansas is not void on its face, yet the attempted service of the writ upon the garnishee, P. W. Jameson, is not sufficient to give the court jurisdiction.

Therefore, an order is being entered today granting the motion of P. W. Jameson to quash the writ of garnishment issued against him, together with the allegations and interrogatories, and the purported service thereof.