A. B. HERVEY JR., COMMISSIONER v. THE FARMS,
INC.

5-5938                                    481 S.W. 2d 348

Opinion delivered June 19, 1972

R. David Lewis, for appellant.

No brief for appellee.

JOHN A. FOGLEMAN, Justice. Appellant says that the
Circuit Court of Baxter County erred in vacating a de-
fault judgment entered March 18, 1971, upon a garnish-
ment purported to have been issued out of that court
in a proceeding instituted by the filing of allegations
and interrogatories only. The order vacating the judgment

was entered on August 10, 1971, which was during the same term the judgment was entered. We find nothing in the record to indicate that any action was ever commenced in the Baxter Circuit Court. There is no record of any summons or writ of garnishment in the transcript or any statement or endorsement of the clerk that either was ever issued. The only evidence that any service of anything was had was the testimony of a deputy sheriff that he had served the *complaint* on Richard Morton as an officer of The Farms, Inc. One of the grounds of the motion of appellant to set aside the judgment was that there was no summons or return in the court file. Even if it were proper to conduct a garnishment proceeding as an independent action, there does not appear to have been any action pending in the Baxter Circuit Court. Ark. Stat. Ann. § 27-301 (Repl. 1962); *Walters v. Burnett,* 228 Ark. 1064, 312 S.W. 2d 344; *Goodyear Tire & Rubber Co.* v. *Meyer,* 209 Ark. 383, 191 S.W. 2d 826.

The issuance and service of a *writ* of garnishment summoning a garnishee to answer is a statutory requirement in any garnishment proceeding. Ark. Stat. Ann. §§ 31-501, 504 (Repl. 1962). Strict compliance with garnishment statutes and judicial process is essential to the validity of garnishment proceedings. *Roach* v. *Henry,* 186 Ark. 884, 56 S.W. 2d 577; *Missouri Pac. R. Co.* v. *McLendon,* 185 Ark. 204, 46 S.W. 2d 626; *Schiele* v. *Dillard,* 94 Ark. 277, 126 S.W. 835.

Appellant argues, however, that since appellee did not allege or prove any meritorious defense to the action the judgment could not be vacated. This might well be so in an action in which the court had jurisdiction of the subject matter. A garnishee cannot be held upon a garnishment when the court from which it is issued has no jurisdiction of the subject matter of the principal cause of action. *S. A. Robertson & Co.* v. *Lewis Rich Const. Co.,* 151 Ark. 557, 237 S.W. 95. In this case, appellant states that the judgment on which the garnishment was based had been obtained in Garland County. In the absence of a statute providing otherwise, only the court in which the judgment was rendered has authority to issue a garnishment thereon. *The McGehee Bank of*

*McGehee* v. *Charles W. Greeson & Sons,* 223 Ark. 18, 263 S.W. 2d 901. Arkansas Statutes Annotated § 31-513 (Repl. 1962) authorizes the issuance of a garnishment by the circuit court of one county to another county. We are not aware of any statute authorizing any other court to issue a garnishment after judgment. The question of jurisdiction of the subject matter is always open, cannot be waived and may be raised for the first time on appeal, even by this court. *Catlett* v. *The Republican Party of Arkansas,* 242 Ark. 283, 413 S.W. 2d 651; *Risor, Admx.* v. *Brown,* 244 Ark. 663, 426 S.W. 2d 810. See also, *Arkansas Savings & Loan Assn. Bd.* v. *Corning Savings & Loan Assn.,* 252 Ark. 264, 478 S.W. 2d 431.

The judgment vacating the default judgment against appellee is affirmed.