Edward A. MOORY, Edward E. Coit, Ruth Moory, Kay Moory Buford & Ruth Ione Mushrush *v.* QUADRAS, INC., First National Bank of DeWitt, Arkansas & Arkansas County Broadcasters, Inc.

98-117                                    970 S.W.2d 275

Supreme Court of Arkansas
Opinion delivered June 18, 1998
[Petition for rehearing denied July 16, 1998.]

*Pike & Bliss*, by: *George E. Pike, Jr.* and *Deborah Pike Bliss*, for appellants.

*Russell D. Berry*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The question presented in this case is whether a court has jurisdiction to issue writs of garnishment based solely on a registered judgment rendered from a court in another county. The trial court answered the question in the negative, and granted appellee's motion to quash various writs of garnishment issued at the request of appellants. We agree and affirm.

The relevant facts in this case are undisputed. A judgment entered in Lonoke County Circuit Court on July 14, 1993, reflects that Quadras, Inc., defaulted on a promissory note held by appellants, and that the court entered a judgment in appellants'

favor. It appears that this judgment was registered in Arkansas County Circuit Court on March 7, 1997. During March and April of 1997, the Arkansas County Circuit Clerk issued a number of writs of garnishment directed to Arkansas County Broadcasters, Inc., at the request of appellants. According to appellants' allegations and interrogatories, Arkansas County Broadcasters was indebted to First National Bank as the receiver of Quadras. While Arkansas County Broadcasters denied the alleged indebtedness in its answers to interrogatories, First National Bank later moved to quash the writs, arguing that the Arkansas County Circuit Court had no jurisdiction over the "principal cause of action" given that the judgment upon which the garnishment was based was obtained in Lonoke County Circuit Court, "the only court with authority to issue a garnishment." The trial court quashed the writs, resulting in the present appeal.

For reversal, appellants argue that the registration of the Lonoke County judgment was all that was necessary to confer the Arkansas County Circuit Court with subject-matter jurisdiction to issue the writs. This does not mark the first time that this court has been confronted with similar arguments. In *The McGehee Bank v. Charles W. Greeson & Sons, Inc.*, 223 Ark. 18, 263 S.W.2d 901 (1954), the appellant obtained a judgment in Desha County Chancery Court and then registered that judgment in Calhoun County. The appellant obtained a writ of execution and had the Calhoun County clerk issue a writ of garnishment. The trial court enjoined the execution and quashed the writ, and this court affirmed.

With respect to garnishment, this court explained that "the writ can issue only out of the Court which rendered the judgment unless Statutes empower some other authority to issue the garnishment." *Id.* That being said, the *McGehee Bank* court attempted to locate a statute which would authorize a court other than the rendering court to issue the writs, and could find none. With respect to garnishment, the court noted that Ark. Stat. Ann. § 31-513 (currently codified at Ark. Code Ann. § 16-110-412 (1987)) provided that "Writs of garnishment may be issued from

the Circuit Court of one County to any other County in the State." *Id.* In that garnishment was a purely statutory remedy, the statute had to be strictly construed. "Thus it is the court in which the suit is pending or the judgment was rendered that has authority to issue the garnishment. We find no Statute providing otherwise in a situation like the one here existing." *Id.*

■ Similarly, at issue in *Hervey v. The Farms, Inc.*, 252 Ark. 881, 481 S.W.2d 348 (1972) was whether the Baxter County Circuit Court erred in vacating a default judgment entered on a garnishment in a proceeding instituted solely by the filing of allegations and interrogatories. The *Hervey* court could find nothing in the record to indicate that any action was ever commenced in Baxter County Circuit Court. While the appellant argued that it was error to vacate the default judgment given that appellee never alleged or proved a meritorious defense, the *Hervey* court rejected this argument because the trial court lacked subject–matter jurisdiction. Where a court does not have subject–matter jurisdiction over the "principal cause of action," a garnishee "cannot be held upon a garnishment[.]" *Id.* Appellant admitted that the judgment upon which the garnishment was based had been obtained in Garland County. "In the absence of a statute providing otherwise, only the court in which the judgment was rendered has authority to issue a garnishment thereon." *Id.* (citing *McGehee Bank*, *supra*). While Ark. Stat. Ann. § 31-513 authorized the issuance of a garnishment by the circuit court of one county to another county, the *Hervey* court was unaware of any statute authorizing any other court to issue a garnishment after judgment.

In the present case, appellants primarily rely on Act 202 of 1967, codified at Ark. Code Ann. § 16-66-102 (1987), as authority heretofore unconsidered by this court for the proposition that a court may issue a writ of garnishment under the circumstances of this case. The statute provides as follows:

> The circuit or chancery court of any county in this state in which a judgment rendered by a court of competent jurisdiction in another county of this state has been registered in accordance

with the provisions of 16-65-117(a)-(c) shall have power to issue writs of execution upon any such judgment.

*Id.* Appellants' theory is that the statute's plural reference to "writs of execution" is a general or generic reference to all forms of executing on a judgment, including a writ of garnishment. To further support this argument appellants cite us to various cases and provisions of the Arkansas Code which, in their estimation, use the terms "garnishment" and "execution" interchangeably.[1]

■ We must reject appellants' argument. While it may be said that a writ of garnishment is a form of "execution" in the general sense as a postjudgment collection remedy, *see Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978) ("Garnishment after judgment, rather than before judgment is, in effect, a form of execution."), a writ of garnishment is certainly not a writ of execution. *Compare Campbell v. White*, 294 Ark. 656, 746 S.W.2d 42 (1988) (defining a "writ of execution" as a formal process issued by a court generally evidencing the debt of the defendant to the plaintiff and commanding the officer to take the property of the defendant in satisfaction of the debt) *with Sharum, supra* (defining "garnishment" as a proceeding whereby a plaintiff seeks to subject to his claim property of the defendant in the hands of a third person or money owed by such person to the defendant). A writ of execution is in the form of a command to the sheriff to take into possession property of the judgment debtor, *see* Ark. Code Ann. § 16-66-104 (Supp. 1997), while a writ of garnishment is a suit directed to a third party to determine whether the garnishee is indebted to the judgment debtor, and to obtain a judgment that such money or property be paid to the judgment creditor. *See* Ark. Code Ann. § 16-110-401 (Supp. 1997).

---

[1] Among other statutes, appellants direct our attention to Ark. Code Ann. § 16-66-114 (1987) as an independent basis for the trial court's jurisdiction. However, it does not appear that the appellants ever availed themselves of this statute. The record does not show that they first attempted to obtain a writ of fieri facias, or that the executing officer returned the writ showing "that no goods and chattels and lands and tenements can be found whereon to levy." *See* Ark. Code Ann. § 16-66-114(a)-(b).

■ Reading the plain language of section 16-66-102, we do not interpret the statute's plural phrase "writs of execution" to be some generic designation of all forms of execution. Rather, it is plainly a reference to one form of collecting on a judgment, a writ of execution. Because a writ of garnishment is not a writ of execution, the trial court was correct in quashing appellants' writs of garnishment due to lack of jurisdiction. *See Hervey, supra; McGehee Bank, supra.* With respect to writs of garnishment, section 16-66-102 does not represent a change in the statutory landscape considered at the time of either *Hervey* or *McGehee Bank.*

Affirmed.