The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
I am writing in response to your request for my opinion on the following question:
 Would a licensed process server, who is not a lawyer, have the capacity to collect on judgments awarded in small claims court on behalf of the claimant?
RESPONSE
In my opinion, the answer to your question is "no."
Section 16-17-602 of the Code (Repl. 1999) authorizes the establishment of small claims divisions of municipal courts, which, upon the adoption in 2000 of Ark. amend. 80, § 7 have been redesignated "district courts." Section 16-17-613 of the Code provides:
 (a) The judge may give judgment and make such orders as to time of payment or otherwise as may be deemed by him to be right and just. However, judgments and orders shall be in writing and entered upon the official record in the same manner as other judgments and orders of the municipal court.
 (b) No prejudgment attachment or prejudgment garnishment shall issue in any suit under this subchapter.
 (c) Proceedings to enforce or collect a judgment shall be in all respects as in other cases, except that security interests may be proved at the same time as the proof of the claim. The order of judgment may include an order of delivery directing the sheriff to deliver the property subject to the security interests to the plaintiff. If the court issues an order of delivery, no further action shall be necessary on the part of the plaintiff to obtain possession of the property.
 (d) Except as otherwise ordered by the court, no execution or enforcement proceedings shall issue on any judgment until after the expiration of ten (10) days from the entry thereof.
 (e) The prevailing party in an action under this subchapter is entitled to costs of the action, including the costs of service and notice directing the appearance of the defendant and the costs of enforcing any judgment rendered in the action.
 (f) Appeals may be taken from the judgment rendered under this subchapter in the same manner as other civil appeals are taken from municipal courts.
(Emphasis added.) As reflected in the highlighted passage above, the procedures for collecting a judgment rendered in small claims court are the same as those that apply in any other action.
One means of collecting on a judgment is by levying on a writ of execution issued by the court that rendered the judgment. As the Arkansas Supreme Court noted in Campbell v. White, 294 Ark. 656, 658-59,746 S.W.2d 42 (1988):
 A "writ of execution" is defined as a formal process issued by a court generally evidencing the debt of the defendant to the plaintiff and commanding the officer to take the property of the defendant in satisfaction of the debt. Black's Law Dictionary, 510 (5th ed. 1979). The "service of an execution" has been explained to include every act and proceeding necessary to be taken by the sheriff to make [sic] the money and includes the property when necessary. Fallows v. Continental Savings Bank, 235 U.S. 300 (1914); see also 30 Am.Jur.2d Executions 207 (1967).
As reflected in this passage, the "officer" who executes on a judgment is normally the sheriff. See Moory v. Quadras, Inc., 333 Ark. 624, 628,970 S.W.2d 275 (1998) ("A writ of execution is in the form of a command to the sheriff to take into possession property of the judgment debtor, see
A.C.A. § 16-66-104 (Supp. 1997)"). As noted in 30 Am. Jur. 2d Executionsand Enforcement of Judgments § 206 (1994):
 Ordinarily, the proper person to execute a writ of execution is the sheriff. The sheriff, may, however, assign it to a deputy sheriff for execution, in which event the deputy acts for his principal and has all the powers which may be exercised by a sheriff in serving or executing process. In some cases, a coroner has been duly empowered to execute a writ.
(Footnotes omitted.)
The mechanics of executing on a judgment are set forth in chapter 66 of title 16 of the Code (1987 Supp. 2001). Significantly, A.C.A. §16-66-104, which sets forth the format of a writ of execution, specifies only the sheriff as the appropriate official to receive and to levy on the writ. Likewise, A.C.A. § 21-6-307(a), which sets forth the fee for serving and executing a writ of execution, identifies only the sheriff as the appropriate recipient. See also A.C.A. § 16-66-415 ("No officer to whom any execution may be directed, any of his deputies, or any person for them shall purchase any goods and chattels, real estate, or other effects at any sale made by virtue of any such execution."); A.C.A. §11-10-720(a) (identifying only the sheriff as the appropriate official to execute on a delinquency in an employer's unemployment compensation taxes, which, when certified, "shall have the force and effect of a judgment of the circuit court"); A.C.A. § 3-7-203 (identifying only the sheriff as the appropriate official to execute on a tax lien certified against a delinquent taxpayer).
I have found no authority to support the suggestion that a process server is empowered to levy an execution on any sort of judgment under Arkansas law.[1] Moreover, given that the process server referenced in your request is not an attorney, I further believe any action on his part to obtain a writ of execution in the wake of the judgment would amount to the unauthorized practice of law. As the court recently noted inDavenport v. Lee, 348 Ark. 148, 151, 72 S.W.3d 85 (2002):
 When one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law; courts are constituted for the purpose of interpreting and administering the laws passed by the lawmaking body and the rules announced by the judiciary, and they must necessarily be governed in their operation by rules of procedure; attorneys are officers of the court and are able by special training and practice to know the law and rules of procedure and are thereby in position to render a service to the court; therefore, anyone who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law.
In my opinion, this principle would preclude any individual not licensed as an attorney to petition a court on behalf of another for the issuance of a writ of execution.
I believe this same conclusion would apply to preclude the process server described in your request from undertaking any garnishment action to satisfy the judgment. As the court noted in Davenport:
 [A] writ of garnishment is a suit directed to a third party to determine whether the garnishee is indebted to the judgment debtor, and to obtain a judgment that such money or property be paid to the judgment creditor. See A.C.A. § 16-66-104 (Supp. 1997).
An individual not licensed as an attorney is clearly precluded from pursuing such an action on behalf of another.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Rule 4(c) of the Arkansas Rules of Civil Procedure authorizes the following individuals to serve a summons in a civil matter:
 Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action; (2) any person not less than eighteen years of age appointed for the purpose of serving summons by either the court in which the action is filed or a court in the county in which service is to be made; (3) any person authorized to serve process under the law of the place outside this state where service is made; or (4) in the event of service by mail or commercial delivery company pursuant to subdivision (d)(8) of this rule, by the plaintiff or an attorney of record for the plaintiff.
With respect to writs of execution, Ark. R. Civ. P. 4(j) qualifies this procedure as follows:
 Provided, however, any writ, notice or paper requiring direct seizure of property, such as a writ of assistance, writ of execution, or order of delivery shall be made as otherwise provided by law.